UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
BRITTNEY McEADDY, et al.,

        Plaintiffs,

    - against -

CIRCUIT CITY STORES, INC.,

        Defendant.
--------------------------------------------------------X

*8/20/07*
*Adopted. motion to withdraw is granted and complaint is dismissed*

**REPORT AND**
**RECOMMENDATION** *Dorothea*
       s/ Judge Raymond J.

04 CV 1459 (RJD)
    Dearie

On March 12, 2004, plaintiffs Cedric McEaddy, individually and on behalf of Brittney McEaddy, an infant under the age of 16 years, filed this action in Supreme Court, Kings County, seeking damages from defendant Circuit City Stores, Inc. ("Circuit City") for injuries suffered by plaintiffs while shopping at Circuit City, located on Atlantic Avenue in Brooklyn, New York. On April 8, 2004, defendant removed the action to this Court and discovery proceeded under the direction of the undersigned.

The parties advised the Court by letter dated September 7, 2006, that the matter had settled as to the claims brought by Cedric McEaddy. However, plaintiff Brittney McEaddy was no longer in her father's custody, and plaintiffs' counsel informed the Court that he was unable to contact Brittney McEaddy, despite having called and sent several certified letters to her home requesting that she contact counsel's office in order to proceed with the case. Accordingly, counsel sought to be relieved and requested that if Ms. McEaddy failed to retain new counsel that the Court dismiss her claim.

Given the infant plaintiff's status, this Court was reluctant to recommend dismissal of the

action without affording the plaintiff an opportunity to retain new counsel and be heard. Accordingly, plaintiff Brittney McEaddy was ordered to appear before this Court with current or new counsel on October 17, 2006. When neither Ms. McEaddy or her mother, Chantey McEaddy, appeared for the conference, plaintiffs' counsel formally filed a motion to withdraw as her attorney on January 26, 2007.

Thereafter, the Court scheduled another conference, ordering Brittney McEaddy and her mother to appear on February 7, 2007 to address Brittney's further participation in the case, counsel's motion to withdraw, and issues relating to the legal guardianship of the infant. Neither Brittney nor Chantey McEaddy appeared for that conference. Nor did either of them or anyone acting on their behalf contact the Court.

It having been represented to the Court that Brittney McEaddy was to turn eighteen on June 23, 2007, and thus would no longer be an infant, the Court stayed decision on counsel's motion to withdraw and on the parties' request to approve the settlement. Pursuant to the Court's Order of May 15, 2007, plaintiffs' counsel sent a letter advising Brittney McEaddy that her case would be dismissed if she should fail to contact him by June 23, 2007. The letter was sent by both regular and certified mail. By letter dated July 9, 2007, plaintiffs' counsel advised the Court that he had heard nothing from Brittney McEaddy. Therefore, based upon her failure to respond, plaintiffs' counsel now recommends that the case as to Ms. McEaddy be dismissed for failure to prosecute, and requests that the settlement with Cedric McEaddy be approved.

By letters dated July 11 and July 12, 2007, defendants also request that the Court approve the settlement as to Cedric McEaddy, and dismiss the complaint and all claims contained therein as to Brittney McEaddy for failure to prosecute.

2

Accordingly, given the numerous attempts to contact Brittney McEaddy and her guardian, her failure to have any contact with either counsel or the Court in almost a year, and her apparent lack of interest in pursuing this action, it is respectfully recommended that plaintiffs' counsel's motion to withdraw be granted, and that Brittney McEaddy's claims be dismissed in their entirety for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). It is further recommended that the remaining parties be directed to submit a stipulation of discontinuance within 60 days as they have advised the Court that they have settled the case. While the settlement need not be approved by the Court, should the parties seek to have the Court so order the agreement, they are advised to request this of the district judge.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system.


**SO ORDERED.**

Dated: Brooklyn, New York
July 16, 2007

Cheryl L. Pollak
United States Magistrate Judge